BREEAN L. BEGGS WSBA # 20795
Paukert & Troppmann, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99201
(509) 232-7760

JEFFRY K. FINER WSBA #14610
Law Office of Jeffry K. Finer
35 W. Main, Suite 300
Spokane, WA 99201
(509) 835-5211

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF JOSHUA LEVY, deceased, and SUSAN LEVY, in her personal capacity and as representative of the ESTATE of JOSHUA LEVY, and DAVID BREIDENBACH, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SPOKANE, SPOKANE COUNTY, CHRIS KEHL, MICHAEL MCCASLAND, SGT. YAMADA, and, JOHN/JANE DOES 1-10, each in their personal and representative capacities. <br><br> Defendants. | Case No.: CV-10-233-EFS <br><br> **AGREED PROTECTIVE ORDER** |

Counsel for all parties agree to the issuance of the following protective order pursuant to Fed. R. Civ. P. 26 relating to matters of discovery in this case. Counsel acknowledge this is not a contract among or between the parties, and that this is a procedural order that does not create any rights or responsibilities beyond those set forth in this order.

IT IS HEREBY ORDERED that from the date of this Order all parties and attorneys shall abide by the following conditions relating to documents exchanged between the parties in this case:

A.   The term "<u>confidential material</u>" as used herein, shall mean:

(1)   The following records of Mr. Joshua Levy, the plaintiffs, the defendants, and any witness: medical records; mental health records; personnel/employment records; state and federal income tax returns; and any records or document to which an individual asserts a privilege against disclosure recognized by state or federal law.

B.   Confidential material shall hereafter be used solely by the parties for the purpose of conducting this litigation and not for any other purpose without order of the Court or written consent of the parties or their counsel.

C.   For purpose of conducting this litigation, confidential material may be used by and disclosed only to the following persons:

(1) The attorneys or their employees working on this action on behalf of any party;

(2) The parties, their representatives and their employees with knowledge of the matters that form the basis of this litigation;

(3) Any person, including expert witnesses and consultants, who are expressly retained by any attorney or party described in paragraphs (1) and (2) above, to assist in the preparation of this action for trial, whether or not their testimony is to be used at trial;

(4) Witnesses having knowledge of the writings or documents and matters disclosed therein; and

(5) The Court.

D. Any person who makes disclosure of confidential material under paragraph C of this Order shall advise each person to whom disclosure is made concerning the terms of this Protective Order.

E. The persons described in subparagraphs (1) through (5) of Paragraph C above are enjoined from disclosing confidential materials or the substance thereof to any other person except in conformance with this Order and the laws relating to public disclosure.

F. (1) Neither this Order nor anything contained herein shall prevent or prejudice the right of any party to apply to the Court for an Order striking the

designation of confidentiality and removing documents, writings or information from the restrictions contained in this Order. Any party may apply to the Court for an Order modifying this Order or imposing additional restrictions upon the use of confidential material.

(2)  The parties do not intend to waive the confidentiality provided by the attorney-client privilege nor the attorney work product doctrine with respect to any communications or information or attorney work product that may exist among the documents identified in Paragraph A. The disclosure of any documents containing attorney-client communications or attorney work product shall be deemed inadvertent, unless counsel for the respective client expressly provides a waiver in writing, and shall not operate as a waiver of the attorney-client privilege or work product protection, and said material and/or information shall not be copied and shall be promptly returned to the appropriate attorney. Any disputes arising under this paragraph, including the designation of a disclosure as inadvertent, shall be resolved under Fed. Rule of Evid. 502.

G.  Subject to further order of the Court, any confidential material submitted or presented to or filed with the Court shall be filed in accordance with the provisions of this Court's Electronic Case Filing rules, Section II, paragraph 4. (See attached.)

H. Use during trial of any confidential material or information covered by this Order shall be determined by the Judge assigned to preside over trial in this case and pretrial matters.

I. At the conclusion of this matter all copies of any confidential materials produced by the plaintiffs shall be returned to the plaintiffs' attorney and all copies of any materials produced by the defendants shall be returned to the attorneys for the defendants.

J. Any disclosure beyond the above limitations shall require a written agreement between the parties or their counsel, or in the event of no agreement, further Order of the Court as described in Paragraph F.

K. Violation of the terms of the Order maybe deemed contempt of court.

DONE IN OPEN COURT this 25th day of October, 2010.

s/ Edward F. Shea
_____
Judge